**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ABDIKADAR HODAN, )<br>)<br>Defendant. )<br>) | Cause No. 1:11-cr-15-WTL-KPF-4 |

## ENTRY ON MOTION TO REVOKE DETENTION ORDER

Before the Court is the Defendant's Motion to Revoke Detention (Docket No. 112). This motion is fully briefed, and the Court, being duly advised, now **DENIES** the motion for the reasons set forth below.

## I. LEGAL STANDARD

18 U.S.C. § 3145(b) provides for district court review of a magistrate judge's release or detention order. Section 3145(b) states:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

Pursuant to § 3145(b), the district court must conduct a *de novo* review and need not defer to the magistrate's findings. The Court's review of the magistrate judge's decision may be by either reviewing the transcript or by holding a new hearing. *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991). In this case, the Court shall exercise its discretion and shall conduct its *de novo* review without hearing additional argument.

## II. BACKGROUND

On February 15, 2011, the Defendant, Abdikadar Hodan, was charged by grand jury indictment with conspiracy to possess with intent to distribute cathinone,[1] a Schedule I Narcotic Controlled Substance, in violation Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846. Hodan was arrested and appeared before a Magistrate Judge on February 18, 2011. The Government moved to detain Hodan under 18 U.S.C. §§ 3142(e), 3142(f)(1)(c), and 3142(f)(2)(A), submitting that he was charged with an offense where a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act and that, if released, there was a serious risk that he would flee.

A detention hearing was held before a Magistrate Judge on February 24, 2011.[2] At the hearing, the Magistrate Judge noted that the grand jury indictment triggered the rebuttable presumptions that Hodan posed a serious risk of flight and a danger to the community. *See* 18 U.S.C. § 3142(e). Hodan appeared with counsel and proffered evidence regarding the factors set forth in 18 U.S.C. § 3142(g). Ultimately, the Magistrate Judge concluded that Hodan failed to rebut the presumption that he is a serious risk of flight, and similarly found that Hodan failed to rebut the presumption that he is a danger to the community and any other person. Thus, Hodan was ordered detained pending trial. A formal order was issued on March 8, 2011 (Docket No. 100). Hodan moved for reconsideration of the detention order on March 18, 2011 (Docket No. 112). The Government responded on March 22, 2011 (Docket No. 115). Having received and reviewed the record, including the audio recording of the detention hearing, this Court is now

---

[1] Cathinone is colloquially referred to as "khat."

[2] A Somali interpreter was present in the courtroom that day and provided simultaneous interpretation for the Defendant.

ready to rule on the Defendant's motion.

### III.  DISCUSSION

The charges against Hodan carry a maximum penalty of twenty years' imprisonment, a $1 million fine, and not less than three years to life on supervised release.  *See* 21 U.S.C. § 841(b)(1)(C).  Accordingly, there is a rebuttable presumption in favor of detention in this case.  *See* 18 U.S.C. § 3142(e)(3)(A).  Hodan may rebut the presumption by producing contrary evidence showing that there are conditions of release that would reasonably assure that he will not engage in dangerous criminal activity or threaten the safety of the community pending trial.  This is the issue currently before the Court.  The Court's inquiry in this case is guided by the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether at the time of the instant offense the defendant was subject to court supervision; and (4) the nature and seriousness of the danger to any person in the community.  *See* 18 U.S.C. § 3142(g).

**A.     Nature and circumstances of the offense charged.**

Hodan is charged with conspiracy to possess with intent to distribute khat.  He argues that a drug case involving khat is less serious than a drug case involving any other drug because "[k]hat, viewed through the prism of the United States Sentencing Guidelines is considered to be one onhundredth [sic] (1/100th) as dangerous and serious as marijuana."  Docket No. 114 at 1.  Hodan emphasizes that "[t]he offense [charged] carries no statutory minimum penalty, and a

3

statutory maximum penalty of twenty (20) years." *Id*. In short, according to Hodan, this is a relatively minor offense so he should not be detained pending trial. *See id.* at 2.

Hodan's argument largely ignores the dangerous effects of khat, which include: (1) heart disease; (2) hypertension; (3) cancer of the mouth; (4) gastric disorders; (5) hallucination; and (6) violent outbursts. Moreover, Hodan downplays the extent of the conspiracy. Given the protracted nature of this criminal enterprise, as well as the dangers associated with khat, the Court concludes that this first factor weighs in favor of detention.

**B.      Weight of the evidence against Hodan.**

At this point, the evidence against Hodan is substantial and unrebutted. Hodan and his co-defendants have all been indicted by the grand jury. Accordingly, this factor also weighs in favor of detention.

**C.      The history and characteristics of the Defendant.**

Section 3142(g)(3) instructs the Court to consider Hodan's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether he was subject to any other criminal justice supervision at the time of the charged offense.

Hodan was born in Somalia and is a Somalian citizen. Hodan is lawfully present in the United States, having entered the country in 2005 as a refugee. He expected to become a naturalized citizen in January 2011. Hodan rents an apartment in Indianapolis and has done so since mid-2006; however, he does not own any real property in either this district or in the United States. Hodan holds an Indiana drivers' license and, until his arrest, he was employed as

4

a taxicab driver in Indianapolis.  Hodan files and pays taxes.  He has family members in Ohio, Indiana, Washington, and the United Kingdom.  He has no criminal history, nor is there any indication of either substance abuse or mental illness.  Hodan claims that "[m]any members of [his] immediate family and Somali community have expressed willingness to co-sign bonds for [him]."  Docket No. 114 at 2.  While this may very well be true, the Court concludes that Hodan's lack of property in both this district and this country, as well as his family ties to the United Kingdom, support detention in this case.

> **D.** **Nature and seriousness of the danger to any person in the community and risk of flight.**

Hodan's only argument as to the nature and seriousness of the danger to the community is that khat is considered less serious than marijuana.  *See* Docket No. 114 at 1.  As the Court noted before, khat is a serious drug associated with heart disease, hypertension, insomnia, cancer, and other adverse effects.  Moreover, despite his lack of criminal history, Hodan faces serious penalties in this case.  Hodan also emphasizes that he has no passport, which "mak[es] the risk of flight minimal, if not impossible."  *Id*. at 2.  This ignores the fact that as little as six years ago, he was able to travel from Somalia to the United States.

Despite the fact that Hodan "would be willing to be placed on electronic monitoring or report regularly to law enforcement while on pre-trial release," *id.*, the Court concludes that Hodan's minimal ties to the district and the country and the presence of family members in Europe, indicate that detention is appropriate.  Accordingly, because the Government has shown by a preponderance of the evidence that Hodan poses a serious risk of flight, and because it has also shown by clear and convincing evidence that no condition or combination of conditions will
5

reasonably assure the safety of other persons and the community, detention is appropriate in this case.

## **CONCLUSION**

For the foregoing reasons Defendant's Motion to Revoke Detention (Docket No. 112) is **DENIED**.

SO ORDERED: 3/30/11

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

William H. Dazey Jr.
Indiana Federal Community Defenders
bill.dazey@fd.org

Nicholas C. Huang
Nicholas C. Huang PC
nhuang@gmail.com

William E. Marsh
Indiana Federal Community Defenders
bill.marsh@fd.org

Matthias David Onderak
United States Attorney's Office - EV
Matthias.Onderak@usdoj.gov

Cynthia J. Ridgeway
United States Attorney's Office
cynthia.ridgeway@usdoj.gov

U.S. Marshals Service

U.S. Probation Office